**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 15 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARPAL SINGH DUTTA, | No. 21-70242 |
| Petitioner, | Agency No. A206-591-104 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2026**
San Francisco, California

Before: NGUYEN and VANDYKE, Circuit Judges, and HUIE,*** District Judge.

Petitioner Harpal Singh Dutta, a native and citizen of India, seeks review of a

Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's

("IJ") denial of Petitioner's application for asylum, withholding of removal, and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert Steven Huie, United States District Judge for the Southern District of California, sitting by designation.

Convention Against Torture ("CAT") relief. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

We review the agency's adverse credibility finding for substantial evidence, *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011), upholding it "unless a reasonable adjudicator would have been compelled to reach a different conclusion," *Garland v. Ming Dai*, 593 U.S. 357, 369 (2021). "We review for abuse of discretion an IJ's denial of a continuance." *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). And "[w]e review for substantial evidence the BIA's determination that [a petitioner] is not eligible for protection under CAT." *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021).

1. The agency's adverse credibility finding is supported by substantial evidence. "[E]ven minor inconsistencies may have" a "legitimate impact" on a petitioner's credibility. *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010). While the omission of mere details may be insufficient to support an adverse credibility finding, "an adverse credibility determination may be supported by omissions that are not 'details,' but new allegations that tell a 'much different—and more compelling—story of persecution than [the] initial application.'" *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) (quoting *Zamanov*, 649 F.3d at 974).

Even though Dutta's father's incarceration supposedly began in 2013 and

2

Dutta applied for relief in 2014, Dutta omitted any mention of his father's incarceration from his application, his May 2016 declaration, and his declaration from September 4, 2018.[1] The alleged arrest and five-year incarceration of Dutta's father on false financial claims is not a mere "detail" but is instead a new allegation that tells a more compelling "story of persecution than [the] initial application." *Zamanov*, 649 F.3d at 974. Dutta's conflicting, evolving explanations for his omissions add further support for the agency's adverse credibility determination. Dutta first claimed that his family told him about his father's incarceration in 2013, and that he did not mention it in his application because he did not think he had to. Minutes later, he changed his explanation, asserting that his family kept the news of his father's supposed incarceration from him to protect him. In light of Dutta's conflicting explanations for his repeated omissions of key information, the record does not compel the conclusion that Dutta's testimony was credible. And "[a]bsent [Dutta's] discredited testimony, there is no objective evidence" sufficient to meet Dutta's burden of proof on asylum or withholding of removal. *Shrestha*, 590 F.3d at 1048.

---

[1] We are not persuaded by Dutta's argument on appeal that a reference to him and his father being "detained" in his 2014 application for relief refers to his father's extended incarceration as opposed to one of the single-day detentions Dutta's 2016 and 2018 declarations claimed his father experienced. Before the IJ, Dutta claimed he did not know he had to include his father's incarceration in his application, conceding that his application did not mention it.

2. Dutta unpersuasively argues that the IJ's denial of a continuance amounts to a denial of due process because the IJ should have given him notice of what evidence he needed to corroborate his testimony and an opportunity to provide the evidence. When a credible applicant falls short of their burden of proof and can remedy the shortcoming with corroborative evidence, an IJ is required to give the applicant "notice of the corroboration that is required" and an opportunity to provide that evidence. *Ren v. Holder*, 648 F.3d 1079, 1093 (9th Cir. 2011). But an IJ is only required to give a petitioner notice and opportunity to provide corroborating evidence "when the applicant's testimony is 'otherwise credible.'" *Bhattarai v. Lynch*, 835 F.3d 1037, 1043 (9th Cir. 2016) (quoting *Ren*, 648 F.3d at 1090). Because we uphold the agency's adverse credibility finding, the notice-and-opportunity rule does not apply to Dutta, and the IJ did not abuse her discretion in denying the continuance.

3. Dutta fails to support his request for CAT relief with any particularized, credible evidence. *Lalayan*, 4 F.4th at 840 (requiring a petitioner to present particularized evidence—beyond evidence of general country conditions—to establish a probability of torture for CAT purposes); *see Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (same). The record therefore does not compel the conclusion that he was eligible for CAT relief.

**PETITION DENIED.**[2]

---

[2] Petitioner's motion to stay removal pending appeal (Dkt. No. 1) is denied.